### TRI–PLEX SHOE CO. v. CANTOR et al.

### No. 30.

District Court, E. D. Pennsylvania.

March 6, 1939.

Sundheim, Folz & Sundheim and Samuel D. Goodis, all of Philadelphia, Pa., Edward A. Zeigler, of Boston, Mass., and Allen J. Levin, of Philadelphia, Pa., for plaintiff.

Louis F. McCabe, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge.

It is a little difficult in these days to get one's bearings. A proceeding in Equity is no longer a proceeding in Equity but a Civil Action. We are none the less still subject to the Equity Rules.

There has been submitted a form of decree in this cause which is approved "as to form" by counsel for defendants. We are however unwilling to enter a decree in this form.

1. It does not comply with Equity Rule 71, 28 U.S.C.A. following section 723. A decree should simply be a decree. Recitals, Findings of Fact, Conclusions of Law nor the reasons for the decree have a proper place in it.

2. We indicated in the opinion filed the Findings of Fact and Conclusions of Law reached, but no formal findings were made. It was contemplated that they would be made in compliance with Equity Rule 70½. These findings have been formulated and filed both to comply with Equity Rule 70½ and to show compliance with the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq.

3. There can, under the evidence, be no finding made that the labor organization or their officers as such, participated in the acts of violence which were committed. By the express provisions of the Norris-LaGuardia Act no injunction can issue against them because of the conduct of third parties unless there was connivance or participation.

4. A finding has been made of acts of violence and at least some of those who participated in it. This justifies a decree sustaining the Bill and a decree enjoining all persons to refrain from violence. Whether the decree should enjoin the individuals found to have participated, without giving them their day in Court and an opportunity to make their defense, if they have any, is a question worthy of consideration.

5. The Requests for Findings of Fact and Conclusion of Law have been answered.

Upon the plaintiff filing an injunction bond in the penal sum of $5000, with surety approved by the Clerk of the Court, a preliminary injunction should issue in accordance with the decree herewith filed.